FILED
JUN 1 8 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JIMMIE LORENZA ALSTON, NO. 394667,

    Petitioner,

v.                              CIVIL ACTION NO. 2:10cv27

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court RECOMMENDS that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On July 18, 2008, Petitioner, Jimmie Lorenza Alston ("Alston"), was found guilty after a bench trial in the Circuit Court of the City of Chesapeake, Virginia ("Circuit Court"), of abduction.[1] Alston was sentenced to a term of imprisonment of ten

---

[1] Alston was represented at trial and on appeal by Katherine Braun, Esq. ("Braun"). The allegations were that a domestic dispute occurred on the night of March 17, 2008, in Chesapeake,

(10) years, with seven (7) years suspended, for a total active sentence of three (3) years, as reflected in the Court's Sentencing Order entered on October 31, 2008. Sen. R. at 28, Commonwealth v. Alston, No. 8-2078 (Cir. Ct. Va. Dec. 29, 2008).

On December 1, 2008, Alston noted his appeal to the Court of Appeals of Virginia ("Court of Appeals"), and on March 9, 2009, he filed his petition for appeal.[2] On July 29, 2009, the Court of Appeals denied the petition for appeal.[3] No. 2875-08-1 (Va. Ct. App. July 29, 2009). Alston did not file a request for review by a three-judge panel; he instead filed his appeal with the Supreme Court of Virginia on August 31, 2009.[4] On December 7, 2009, the Court summarily refused the appeal.[5] No. 2845-08-1 (Va. Dec. 7, 2009). This decision concluded Alston's direct appeal.

---

Virginia, between Alston and his wife ("Alita"). Alston and Alita were in their bedroom when Alston punched Alita in the face. Alston then prevented Alita from leaving the bedroom. He later left the house after Alita called the police.

[2]In his appeal, Alston alleged that the evidence was insufficient to support the conviction for abduction.

[3]The Court of Appeals held that, based on the evidence, the trial court "could reasonably conclude that [Alston] physically detained his wife, intending to deprive her of her personal liberty." Alston v. Commonwealth, No. 2875-08-1, at 3 (Va. Ct. App. July 29, 2009) (per curiam decision).

[4]This appeal alleged essentially the same insufficiency of evidence claim that was presented to the Court of Appeals.

[5]The Court notes that when the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On January 15, 2010, while in the custody of the Virginia Department of Corrections at the Deerfield Correctional Center, Alston executed the instant federal petition for a writ of habeas corpus with accompanying memorandum pursuant to 28 U.S.C. § 2254. On March 4, 2010, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(K). Alston filed a response to Respondent's motion on March 15, 2010.

## B. Grounds Alleged

Alston now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 because the evidence at trial was insufficient to prove beyond a reasonable doubt that he had the specific intent to abduct his wife, or that he, in fact, did abduct his wife.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that Alston's claim is properly exhausted, but the claim is without merit. The Court RECOMMENDS that Alston's claim be DENIED and DISMISSED.

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, Alston's claim must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F.

Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).

In the instant case, Respondent concedes that Alston's claim is properly exhausted because it was presented to the Supreme Court of Virginia in his direct appeal to that Court. Resp't's Mem. at 3, Alston v. Johnson, No. 2:10cv27 (E.D. Va. Jan 15, 2010). This Court concurs. The sufficiency of the evidence was considered and affirmed in Alston's direct appeal to the Court of Appeals. Because the Court of Appeals denied Alston's claim on the merits, the Supreme Court of Virginia's subsequent refusal must also be considered a denial on the merits, and this Court must "look through" the Supreme Court of Virginia's decision to those of the lower courts. See Ylst v. Nunnemaker, 501 U.S. at 803-04. As a result, this Court FINDS Alston's claim to be properly exhausted, warranting review on the merits.

## B. **Merits**

The Court now considers Alston's claim on the merits. A Federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." See Williams v. Taylor, 529 U.S. 362, 386 (2000); See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]"). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

5

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)). Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003), cert. denied, 541 U.S. 1032 (2004).

Alston claims that the evidence at trial was insufficient to prove beyond a reasonable doubt that Alston abducted his wife. The Virginia Court of Appeals dismissed Alston's insufficient evidence claim, and, for the following reasons, this Court agrees with the state court's dismissal.

The standard for evaluating insufficient evidence claims is set forth in Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). A court will uphold a conviction if it determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis omitted). A court will review the evidence in the light most favorable to the

prosecution. Id. Also, the trier of fact is accorded great deference in its weighing of the evidence, resolving conflicts in testimony, and drawing inferences. Id. In a bench trial, the judge's factual findings are afforded the same weight as a jury verdict. See Lee v. Commonwealth, 2010 WL 1753027 at *3 (Va. Ct. App. 2010); Richards v. Commonwealth, 8 Va. App. 612, 613 (Va. Ct. App. 1989). Also, "this deferential standard applies not only to the historical facts, but the inferences from those facts as well." Id. (internal quotations omitted) (quoting Clanton v. Commonwealth, 53 Va. App. 561, 566 (Va. Ct. App. 2009)). The trial judge assesses the credibility of the witnesses and determines the weight accorded to their testimony. See Solesbee v. Commonwealth, 2008 WL 168928 at *1 (Va. Ct. App. 2008). Additionally, "the specific intent to commit [a crime] may be inferred from the conduct of the accused. . ." Wilson v. Commonwealth, 249 Va. 95, 101 (1995).

The issue raised in the instant claim is whether the trial judge, after weighing the evidence, was irrational when she found that the evidence proved beyond a reasonable doubt that Alston abducted Alita.[6] The trial evidence consisted of the testimony of

---

[6] Virginia Code § 18.2-47(A) provides the elements for abduction:

> Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of "abduction". . . .

7

Alston, the testimony of Alita, and a photograph of Alita's mouth. Tr. R., <u>Commonwealth v. Alston</u>, Tr. 08-2078, 08-2268 (July 18, 2008). The judge found Alita more credible than Alston and believed her account of the events.[7] Tr. R. at 36, <u>Commonwealth v. Alston</u>, Tr. 08-2078, 08-2268 (July 18, 2008). In reviewing the facts in the light most favorable to the prosecution and affording deference to the trial court, this Court adopts the trial court's factual determinations. <u>See</u> <u>Jackson</u>, 443 U.S. at 318-19. Alita testified that a domestic dispute developed between her and Alston, and that Alston pushed a pie in her face and punched her, knocking out a tooth. Tr. R. at 10-12. She then tried to go from the bedroom to the bathroom to rinse out her mouth and Alston would not let her pass through the door. <u>Id.</u> Alita expressed her wish to leave the bedroom and Alston was aware of Alita's desire to leave. <u>Id.</u> at 17. Alston pushed Alita back into the room three consecutive times. <u>Id.</u> He allowed her to leave only after he learned that she called 911 and the police were on their way to the house. <u>Id.</u> at 13.

The judge reasonably inferred from the testimony that Alston harbored the specific intent to deprive Alita of her personal liberty when he did not let her leave the bedroom after she expressed her desire to leave. Tr. R. at 12. Additionally, the

---

[7] The trial judge indicated Alita was more credible because Alston's testimony contained obvious omissions, and he had a criminal record.

court was reasonable when it determined that Alston actually deprived Alita of her liberty. Alston used physical force and intimidation to detain Alita in the bedroom against her will. Id. The inferences and factual determinations made by the trial court after it heard the evidence were not irrational, and Alston fails to show that the evidence was insufficient for any rational trier of fact to convict him of abduction. Absent a showing that no rational trier of fact could find Alston guilty beyond a reasonable doubt, this Court is without power to disrupt the trial court's judgment. Jackson 443 U.S. at 318-19.

Accordingly, this Court FINDS that Alston's claim is without merit, and the state court correctly refused Alston's appeal. This Court RECOMMENDS that Alston's claim be DENIED and DISMISSED.

## III. **RECOMMENDATION**

For the foregoing reasons, the Court FINDS that the claim of the instant petition is without merit. The Court RECOMMENDS that Alston's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that Alston's claim be DISMISSED with PREJUDICE.

Alston failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636 (b)(1):

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
June 18, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jimmie Lorenza Alston, Jr., #394667
Deerfield Correctional Center
21360 Deerfield Dr.
Capron, Virginia 23829
PRO SE

Robert Homer Anderson, III, Esq.
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: /s/ KVG
Deputy Clerk

June 18, 2010